UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF INDIANA

SOUTH BEND DIVISION

| | |
|---|---|
| PATRICK R. OSZUSCIK, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| vs. ) | CAUSE NO. 3:13-CV-496 RM |
| ) | (Arising out of 3:11-CR-119 RM) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent ) | |

OPINION and ORDER

On January 18, 2012, Patrick Oszuscik pleaded guilty to a charge of distributing child pornography in violation of 18 U.S.C. § 2252(a)(2). He was sentenced on May 24, 2012 to a 225-month term of imprisonment to be followed by five years of supervised release. Mr. Oszuscik is now before the court asking that his sentence be vacated pursuant to 28 U.S.C. § 2255. He also requests that an evidentiary hearing be held and counsel be appointed to represent him.

Relief under § 2255 is reserved for extraordinary situations. Prewitt v. United States, 83 F.3d 812, 816 (7th Cir. 1996). "Relief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." Kelly v. United States, 29 F.3d 1107, 1112 (7th Cir. 1994), overruled on other grounds, United States v. Ceballos, 302 F.3d 679 (7th Cir.

2002). A court may deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Because the claims of the petition together with the record of this action conclusively demonstrate that Mr. Oszuscik isn't entitled to the relief he seeks, the court decides this matter without holding an evidentiary hearing.

Mr. Oszuscik waived his right to appeal his conviction and sentence and to contest his conviction and sentence in a § 2255 proceeding. The amended plea agreement, signed by Mr. Oszuscik, his attorney James Korpal, and Assistant United States Attorney John Maciejczyk, contains the following language in paragraph 9(e):

> (e) I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed; I also understand that no one can predict the precise sentence that will be imposed, and that the court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense as set forth in this plea agreement; with this understanding and in consideration of the government's entry into this plea agreement, **I expressly waive my right to appeal or to contest my conviction and my sentence or the manner in which my conviction or my sentence was determined or imposed to any court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742, or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.**

Petn. to Enter a Plea of Guilty, at 4 (emphasis in original). Despite the waivers and admissions in his plea agreement, Mr. Oszuscik now challenges his conviction and

2

sentence based on his claims that his counsel provided ineffective assistance by (1) failing to ensure the court abided by Federal Rule of Criminal Procedure 11(b)(1)(N), (2) failing to investigate, challenge, and suppress Mr. Oszuscik's recorded statement, and (3) failing to investigate and challenge the evidence relating to a five-level sentence enhancement under U.S.S.G. § 2G2.2(b)(3)(B).

A plea agreement containing a waiver of the right to appeal and file a petition under § 2255 can be collaterally attacked in a limited number of circumstances, including challenges based upon contractual grounds such as mutual mistake or breach, United States v. Cook, 406 F.3d 485, 487 (7th Cir. 2005); when a defendant claims the waiver was involuntary or counsel was ineffective in negotiating the agreement, Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000); or when the sentence is in excess of the statutory maximum sentence for the offense of conviction. United States v. Bownes, 405 F.3d 634, 637 (7th Cir. 2005).

At the change of plea hearing, Mr. Oszuscik was asked if he had read the plea agreement, and he told the court he had. Plea Hrg. Tr., at 16. The court and the attorneys then reviewed the various terms of the plea agreement with Mr. Oszuscik – including the possible maximum penalties, the applicability and operation of the Sentencing Guidelines, the essential elements of the crime of distributing child pornography, and the consequences of waiving his right to appeal or file for any collateral review of his conviction and sentence – and he

stated that he understood those terms. Plea Hrg. Tr., at 11-18. Mr. Oszuscik also testified that his plea was knowing and voluntary, Plea Hrg. Tr., at 16, that he told his attorney needed to know to represent him in this case, Plea Hrg. Tr., at 6, that he had discussed the terms of the plea agreement with his counsel before the change of plea hearing, Plea Hrg. Tr., at 16, that he was satisfied with the representation his counsel had provided. Plea Hrg. Tr., at 6, and that he understood he was giving up his right to appeal or otherwise challenge his sentence, Plea Hrg. Tr., at 17.[1]

A plea of guilty is valid so long as it is entered into knowingly and voluntarily. North Carolina v. Alford, 400 U.S. 25, 31 (1970). Mr. Oszuscik's sworn statements at his change of plea hearing are presumed to be truthful when

---

[1] The transcript of the change of plea hearing shows the following exchange:

| | |
|---|---|
| THE COURT: | [L]et's take a look at that written plea agreement, and, in particular, I'd like to draw your attention to page 4, subparagraph 9(e), and, in the middle of that paragraph, there's a sentence that begins in bolded type. It reads, "I expressly waive my right to appeal or contest my conviction and my sentence or the manner in which my conviction or my sentence was determined or imposed to any court, on any ground, including any claim of ineffective assistance of counsel," and then it goes on. What I want to point out to you is – remember, earlier, when I said, if you went to trial and if you were convicted at trial, you could appeal your conviction with the assistance of counsel? Do you remember that? |
| MR. OSZUSCIK: | Yeah. |
| THE COURT: | All right. What I want to point out to you is what I just read and what's contained in your plea agreement right here, you're giving up that right to appeal, so you're waiving that, so, as this says, you will not be able to appeal or to contest your conviction and your sentence or the manner in which your conviction or your sentence was determined or imposed to any court, on any ground. Do you understand that? |
| MR. OSZUSCIK: | Yes. |
| THE COURT: | All right. Well, that's very important that you know you're waiving that. |

Plea Hrg. Tr., at 17-18. Thus, Mr. Oszuscik is mistaken in his belief that the court didn't advise him and explain to him his agreement to waive his right to appeal.

4

determining whether his plea was knowing and voluntary. Bridgeman v. United States, 229 F.3d 589, 592 (7th Cir. 2000). The record supports a finding that Mr. Oszuscik's guilty plea was "a voluntary and intelligent choice among the alternate courses of actions open to him." Berkey v. United States, 318 F.3d 768, 773 (7th Cir. 2003) (*quoting* North Carolina v. Alford, 400 U.S. at 31). The plea agreement clearly and unambiguously sets forth the wavier of his right to appeal and file a § 2255 petition, the court explained the waiver to Mr. Oszuscik during the plea colloquy, and Mr. Oszuscik acknowledged that he understood. Because Mr. Oszuscik's plea was informed and voluntary, the waiver of his right to appeal or file a § 2255 petition "must be enforced." Nunez v. United States, 546 F.3d 450, 453 (7th Cir. 2008).

To the extent Mr. Oszuscik's ineffective assistance of counsel claims could be construed as relating directly to the negotiation of the plea agreement, *see* Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1999), he can't succeed on his petition. "To prevail on his ineffective assistance claim, [Mr. Oszuscik] must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that 'the [alleged] deficient performance prejudiced the defense.' In order to satisfy the prejudice prong, [Mr. Oszuscik] must establish that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Taylor v. Bradley, 448 F.3d 942, 948 (7th Cir. 2006) (*quoting* Strickland v. Washington, 466 U.S. 668,

5

687-688, 694 (1984)). "Prejudice in the context of a guilty plea requires a showing that but for counsel's deficient performance, [Mr. Oszuscik] would not have pleaded guilty." Galbraith v. United States, 313 F.3d 1001, 1008 (7th Cir. 2002).

Mr. Oszuscik hasn't alleged he wouldn't have pleaded guilty had counsel acted differently, United States v. Peterson, 414 F.3d 825, 827 (7th Cir. 2005), and he hasn't established any deficient performance by his attorney in the negotiation of the waiver provision of his plea agreement. Nor has Mr. Oszuscik demonstrated prejudice: he hasn't identified evidence that would have created a reasonable probability of a different outcome, he hasn't outlined facts that could show a reasonable probability that the results in his case would have been different but for counsel's error, and he hasn't outlined facts that could establish that the proceedings were fundamentally unfair or the result unreliable, so his waiver of the right to file a § 2255 petition must be upheld.[2]

---

[2] Even if Mr. Oszuscik hadn't waived his right to file a § 2255 petition, he couldn't prevail on his claim of ineffective assistance of counsel. First, because the discussions at the change of plea hearing complied with the requirements of Federal Rule of Criminal Procedure 11, counsel didn't provide ineffective assistance at the change of plea hearing. Next, Mr. Oszuscik has presented no affidavit from his trial counsel or any other evidence to support his assertion that counsel didn't listen to or investigate the recorded interview made by police during their execution of a search warrant at Mr. Oszuscik's home and so hasn't established that counsel provided ineffective assistance with respect to that recording. *See* Hardamon v. United States, 319 F.3d 943, 951 (7th Cir. 2003) ("[A] petitioner alleging that counsel's ineffectiveness was centered on a supposed failure to investigate has the burden of providing the court sufficiently precise information, that is, 'a comprehensive showing as to what the investigation would have produced.'"); Galbraith v. United States, 313 F.3d 1001, 1008-1009 (7th Cir. 2002) ("Galbraith presents no scintilla of evidence of the alleged omission of his lawyer. And lest it sound like a formidable task (to prove his lawyer's nonfeasance), we note that the sort of evidence usually employed in such cases begins with sworn affidavits attesting to the petitioner's allegations."); Chaudhry v. United States, No. 2:12-CV-469 & 2:09-CR-218, 2013 WL 2285959, at *5 (N.D. Ind. May 22, 2013) ("It has long been established that mere conclusory allegations are insufficient to raise a constitutional issue in a habeas case."). Lastly, Mr. Oszuscik's claim that counsel was ineffective by failing to investigate and challenge the five-level sentencing enhancement imposed

While a sentence greater than the statutory maximum sentence for a defendant's crime can be challenged even if the defendant executed a blanket waiver of his appeal rights, United States v. Bownes, 405 F.3d 634, 637 (7th Cir. 2005), Mr. Oszuscik's 225-month sentence is less than the 240-month statutory maximum sentence he faced for violation of 18 U.S.C. § 2252(a)(2).

Based on the foregoing, Mr. Oszuscik isn't entitled to the relief he seeks. The court SUMMARILY DISMISSES his petition filed pursuant to 28 U.S.C. § 2255 [docket # 53].

SO ORDERED.

ENTERED:   June 11, 2013

      /s/ Robert L. Miller, Jr.
      Judge, United States District Court

---

under U.S.S.G. § 2G2.2(b)(3)(B) is without merit. The transcript of Mr. Oszuscik's sentencing hearing confirms that his counsel did, in fact, challenge imposition of a five-level increase in Mr. Oszuscik's offense level. *See* Sent. Hrg. Tr., at 5-6. The record also shows that the court considered the arguments of counsel and concluded that "[t]he simple possession of a file-sharing program might not warrant this enhancement, as indicated by the Eleventh Circuit's decision in Vadnais, . . . but this use of the program does, as indicated, persuasively, by the Griffin case from the Eighth Circuit, 2007, so I overrule the objection to Paragraph 30 of the presentence report." Sent. Hrg. Tr., at 9. That Mr. Oszuscik's counsel didn't prevail in his argument against that five-level increase doesn't establish that counsel provided ineffective assistance. *See* United States v. Recendiz, 557 F.3d 511, 531 (7th Cir. 2009) ("'effective' does not mean successful or without flaw."); Risner v. United States, Nos. 3:11-CV-106 & 3:08-CR-49, 2012 WL 839208, at *4 (N.D. Ind. Mar. 8, 2012) ("Mr. Risner's attorney made at least two cognizable arguments against the obstruction of justice enhancement; that the court did not accept those arguments does not mean that Mr. Risner was denied the effective assistance of counsel.").

7